IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **vs.** ) | **Criminal Action No. 22-00164-KD-B** |
| ) | |
| **NICHOLAS JEASHUN BAILEY,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on Defendant Nicholas Jeashun Bailey's Emergency Motion for Compassionate Release/Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 44).  Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020).

In relevant part, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, provides that the district court "upon motion of the defendant after the defendant" has met certain statutory prerequisites,[1] "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth

---

[1] Bailey alleges that he met the statutory prerequisites in 18U.S.C.§ 3582(c)(1)(A) (doc. 44, p. 2; Exhibit A – request for reduction of sentence).

in 18 U.S.C. § 3553(a)", if the district court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

"Extraordinary and compelling" reasons are not defined in the statute. 18 U.S.C. § 3582(c)(1)(A). Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The applicable Policy Statement is found at U.S.S.G. § 1B1.13 (effective November 1, 2023).

Bailey moves the Court for a reduction of sentence to time served on grounds that his adult daughter Nishalia Bailey is incapacitated and because his daughter's mother is deceased, he should be released to provide her care. In support of his motion, Bailey states that a petition has been filed in Probate Court to name a guardian and special conservator for Nishalia and he "wishes to be appointed as her guardian and special conservator" (doc. 44, p. 3). Bailey relies upon U.S.S.G. § 1B1.13(b)(3)(A) which states that extraordinary and compelling reasons for a reduction of sentence may exist upon the "death or incapacitation of the caregiver of the … defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." [2]

---

[2] Bailey also states that he "qualifies for relief sought from this court under § (D) of said policy statement, as a matter of course" (doc. 44, p. 2). However, § (D) does not appear relevant because Bailey alleges that Nishalia is his daughter. See § (D) ("The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate

Review of the Probate Court Petition indicates that Bailey's son, Nicholas Bailey, Jr. petitioned for guardianship of his sister Nishalia, and Raley L. Wiggins petitioned for special conservator for the limited purpose of applying for Medicaid benefits for Nishalia and obtaining appropriate housing and health care (doc. 44-2).  Review of the motion and the Probate Petition indicates that Nishalia was 23 years old at the time of the injury[3] that rendered her incapable of self-care.  Thus, she had no "caregiver" that is now deceased or incapacitated.  Instead, proceedings appear to be underway to provide for her care by the appointment of a guardian and limited conservator.  Since Bailey has failed to show an extraordinary and compelling reason for a reduction of sentence to time served, his motion is denied.

DONE and ORDERED this the 21st day of March 2024.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.")

[3] Bailey Sr. states that Nishalia was "struck by a car and left incapacitated" (doc. 44, p. 2). The Probate Petition indicates that the accident that rendered her incapacitated occurred on September 3, 2023.